ANNETTE L. HURST (Bar No. 148738)
Annette.Hurst@hellerehrman.com
ELISABETH R. BROWN (Bar No. 234879)
Elisabeth.Brown@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
Telephone: +1 (415) 772-6000
Facsimile: +1 (415) 772-6268

JOHN C. ULIN (Bar No. 165524)
John.Ulin@hellerehrman.com
333 South Hope Street, 39th Floor
Los Angeles, CA 90071
Telephone: +1 (213) 689-0200
Facsimile: +1 (213) 614-1868

Attorneys for Plaintiff
WHAM-O, INC.

E-filing

CV 08    0841

PVT

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WHAM-O, INC., a Delaware corporation, | Case No.: |
|---|---|
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION AND UNFAIR COMPETITION |
| BIG TIME TOYS, LLC, a Tennessee limited liability company, | |
| Defendant. | |

COMPLAINT

Plaintiff Wham-O, Inc. ("WHAM-O") by and for its complaint against Defendant Big Time Toys, LLC ("Big Time" or "Defendant") alleges as follows:

## INTRODUCTION

1. This action is brought to restrain Defendant from continuing its deliberate scheme to infringe WHAM-O's trademarks for water slide toys. Prior to engaging in this activity, Defendant had notice of WHAM-O's trademark rights, and Defendant knowingly infringed those rights. WHAM-O has federal trademark registrations for its water slide toys, including a trademark for the color YELLOW on its water slide toys ("YELLOW WATER SLIDE MARK"). WHAM-O and its predecessors have marketed waterslide toys for decades using the YELLOW WATER SLIDE MARK. Defendant has taken deliberate steps to infringe WHAM-O's mark by manufacturing, advertising, marketing, selling, offering to sell, promoting, and distributing a line of water slide toys utilizing the YELLOW WATER SLIDE MARK. By manufacturing, advertising, marketing, selling, offering to sell, promoting, and distributing these products, Defendant is causing immediate and irreparable injury to WHAM-O. WHAM-O hereby seeks to enjoin Defendant's infringement of its Marks and to recover the damages caused by Defendant's unlawful actions.

## THE PARTIES

2. Plaintiff Wham-O, Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 5903 Christie Avenue, Emeryville, California 94608.

3. Upon information and belief, Defendant Big Time Toys, LLC is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business at 8005 Church Street East, Brentwood, Tennessee 37207.

## NATURE OF THE CASE

4. This is an action for: (i) infringement of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) unfair competition, false

designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (iv) unfair competition in violation of the common law of the State of California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1131, 1138, and 1367. Venue is proper within this district under the provisions of 28 U.S.C. §1391.

6. Upon information and belief, Defendant manufactures, advertises, markets, sells, offers to sell, promotes, and distributes goods under an infringing trademark in this District and elsewhere, and this action arises out of acts committed by Defendant in this District and elsewhere that subject it to personal jurisdiction here.

## INTRADISTRICT ASSIGNMENT

7. Because this action is an intellectual property action within the meaning of Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## BACKGROUND FACTS COMMON TO ALL CLAIMS

### A. Wham-O's Marks

8. WHAM-O and its predecessors have long engaged in the business of manufacturing and marketing in interstate commerce toys called "water slides" sold under the SLIP 'N SLIDE trademark. SLIP 'N SLIDE is a registered trademark of Wham-O, U.S. Reg. No. 761,883, attached hereto as Exhibit 1.

9. Since the introduction to the public of the SLIP 'N SLIDE water slide toy in 1961, the water slide portion of WHAM-O's SLIP 'N SLIDE water slide toy has been colored yellow, and that color has long served to identify and distinguish WHAM-O's water slide toys from those of others. Wham-O and its predecessors have sold millions of yellow water slides under the SLIP 'N SLIDE trademark, and Wham-O has consistently promoted the YELLOW mark on its packaging, creating a direct consumer association between the SLIP 'N SLIDE word mark and the YELLOW color mark.

10. WHAM-O has widely promoted the redesigned SLIP 'N SLIDE YELLOW WATER SLIDE toy, including significant expenditures on marketing efforts, including television advertising. The product has been sold by all of the nation's largest discount toy retailers, including Wal-Mart, Target, and Toys "R" Us. Over more than four decades of use, promotion and sales, the YELLOW WATER SLIDE MARK has become famous. In 2003, the fame of the SLIP 'N SLIDE YELLOW WATER SLIDE toy was further recognized when it was included as an iconic toy of youth in the Paramount film, *Dickie Roberts: Former Child Star*.

11. A registration for the color yellow on water slide toys duly issued from the United States Patent and Trademark Office on March 10, 1987, and WHAM-O is the owner of Reg. No. 1,432,069 for that mark. A copy of the registration for the YELLOW WATER SLIDE MARK is attached as Exhibit 2. As a result of lengthy use and compliance with statutory requirements, this registration has attained incontestable status. The goodwill associated with the SLIP 'N SLIDE and YELLOW WATER SLIDE trademarks, and the registrations therefore, were duly assigned to Wham-O in 1997.

12. The YELLOW WATER SLIDE mark has been adjudicated valid and famous by the United States District Court for the Central District of California. A true and correct copy of the judgment confirming the validity and fame of the YELLOW WATER SLIDE MARK is attached hereto as Exhibit 3.

13. In sum, WHAM-O's water slide toys using the YELLOW WATER SLIDE MARK are well and favorably known by the purchasing public. They have become iconic toys, a symbol of summer fun, and famous to children and adults alike.

**B. Defendant's Unlawful Activities**

14. Defendant manufactures and markets water-related toys. On or about May 30, 2007, WHAM-O learned that Defendant had manufactured and sold a water slide toy called the "Finding Nemo Wacky Wild Waterslide" with a yellow sliding surface and packaging depicting the same that infringed the YELLOW WATER SLIDE MARK. A color copy of the packaging of Defendant's Finding Nemo Wacky Wild Waterslide from 2007 is attached

1  as Exhibit 4.

2  15. Shortly after learning of this infringement, on June 12, 2007, WHAM-O notified Defendant that its "Finding Nemo" water slide toy infringed Wham-O's intellectual property rights and demanded that it immediately stop selling or discontinue use of the infringing product. A copy of WHAM-O's cease and desist letter to Defendant is attached as Exhibit 5.

16. Although WHAM-O requested a response to its letter by June 29, 2007, WHAM-O received no response to its letter by that date. WHAM-O therefore sent a follow up letter on July 11, 2007, again requesting a response to its original cease and desist letter. A copy of WHAM-O's follow up letter to Defendant is attached as Exhibit 6.

17. On or about July 23, 2007, Defendant telephoned and faxed counsel for WHAM-O, acknowledging receipt of the cease and desist letter and promising a more formal response shortly. A copy of a facsimile received from Defendant is attached as Exhibit 7.

18. On or about July 31, 2007, after receiving no further response, counsel for WHAM-O telephoned Defendant and left a voice mail message.

19. Defendant subsequently responded on or about August 8, 2007, stating that it would consider discontinuing use of the infringing colors in the "next production." A copy of the letter received from Defendant is attached as Exhibit 8. Wham-O understood that to mean that Defendant would cease using its mark for future manufacturing and given that it was the end of the toy season for water slides, believed that this concluded the matter.

20. On or about October 12, 2007, WHAM-O issued a press release announcing the jury verdict in Case No. CV 06-1382 RSWL (CWx) in the United States District Court for the Central District of California and that Court's decision to sustain WHAM-O's YELLOW WATER SLIDE MARK. A true and correct copy of the press release is attached hereto as Exhibit 9. The jury verdict and the accompanying press release generated a great deal of discussion in the toy industry and Wham-O received a number of comments from others congratulating it on its result. Defendant also contacted WHAM-O offering its

congratulations, acknowledging WHAM-O's victory and the court's decision to sustain WHAM-O's YELLOW WATER SLIDE MARK. A true and correct copy of the e-mail from Defendant's President, Sam Harwell, congratulating Wham-O is attached hereto as Exhibit 10.

21. Unbeknownst to Wham-O, Defendant's promise to cease using its mark and its subsequent congratulatory message were nothing more than a ruse to disguise its continued infringement. On January 17, 2008, WHAM-O learned that Defendant continues to sell its water slide toys in the same infringing packaging at Target. Worse, although the horizontal sliding surface of the water slide toys inside the packaging are now orange, the packaging continues to depict a yellow horizontal sliding surface. This false advertising to the public, depicting the YELLOW WATER SLIDE MARK on the outside of the box while the slide on the inside is orange, is *exactly the same type of conduct that was the subject of the action against another defendant which led to the jury verdict and press release recounting the jury verdict of willful infringement, intentional false advertising and willful dilution.* Incredibly, Defendant—knowing of a prior jury verdict for willful infringement, intentional false advertising, and willful dilution and in apparent deliberate disregard thereof— undertook the very same course of action that resulted in a $6,000,000 judgment against another Defendant!

22. Defendant's use of the color yellow in connection with the manufacture, advertisement, distribution and sale of water slides damages the value of WHAM-O's rights in the YELLOW WATER SLIDE MARK and is likely to injure the business reputation of WHAM-O.

23. As a direct result of Defendant's infringing activities, WHAM-O will be irreparably injured by the confusion likely to occur, by the damage to the value of WHAM-O's rights in the YELLOW WATER SLIDE MARK, and by the likely injury to its business and reputation. Defendant's continued use of the color yellow on water slides and infringing packaging will materially and negatively affect the business, reputation and goodwill of WHAM-O.

5
COMPLAINT

24. In sum, Defendant's marketing, advertising, sale and promoting the sale of its water slides in packaging depicting water slides colored yellow will create a likelihood that a false and unfair association will be made between the water slides of Defendant and those of WHAM-O because the purchasing public is likely to believe that Defendant's water slide toys are connected with, or produced or sponsored by WHAM-O.

## FIRST CLAIM FOR RELIEF

(Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114)

25. Paragraphs 1 through 24 are hereby incorporated by reference.

26. The YELLOW WATER SLIDE MARK is famous and has acquired secondary meaning. Purchasers associate the YELLOW WATER SLIDE MARK only with WHAM-O's water slide toy products. This association is a result of extensive advertising and sales throughout the United States of goods bearing the YELLOW WATER SLIDE MARK.

27. Defendant has infringed the YELLOW WATER SLIDE MARK through the manufacture, marketing, advertising, promotion, distribution, offers to sell and sales in commerce of its competing goods utilizing an imitation of the YELLOW WATER SLIDE MARK in a manner that is likely to cause confusion, mistake or deception.

28. Defendant's activities described above constitute infringement of WHAM-O's rights in its federally registered YELLOW WATER SLIDE under 15 U.S.C. § 1114.

29. By committing the acts alleged herein, Defendant has intentionally, knowingly and willfully infringed the registered YELLOW WATER SLIDE MARK, and Defendant continues to do so.

30. Defendant is presently engaged in the marketing and sale of infringing goods, and unless immediately restrained and enjoined, will continue to do so. WHAM-O's remedy at law is not adequate to compensate it for the harm inflicted and threatened by Defendant's use of confusingly similar marks in connection with its goods and services.

31. WHAM-O has been damaged by Defendant's willful and deliberate infringement in an amount to be proved at trial. WHAM-O is entitled to recover all profits

1  heretofore realized by Defendant during its infringement of the YELLOW WATER SLIDE
2  MARK, as well as WHAM-O's costs in this action pursuant to 15 U.S.C. § 1117(a).

3  32. Defendant's actions have been willful, malicious and fraudulent with knowledge
4  of the likelihood of confusion and deception and with intent to confuse and deceive, as
5  alleged above. Therefore, WHAM-O is entitled to recover three times the amount of
6  Defendant's profits plus WHAM-O's reasonable attorneys' fees pursuant to 15 U.S.C.
7  §§ 1117(a) & (b).

## SECOND CLAIM FOR RELIEF

(Unfair Competition, False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

33. Paragraphs 1 through 32 are hereby incorporated by reference.

34. The acts of Defendant alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). These acts of Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with WHAM-O, or as to the origin, sponsorship or approval of Defendant's goods by WHAM-O.

35. Defendant is presently engaged in the marketing and sale of infringing goods, and unless immediately restrained and enjoined, will continue to do so. WHAM-O's remedy at law is not adequate to compensate it for the harm inflicted and threatened by Defendant's use of confusingly similar marks in connection with its goods and services.

36. WHAM-O has been damaged by Defendant's willful and deliberate infringement in an amount to be proved at trial. WHAM-O is entitled to recover all profits heretofore realized by Defendant during its infringement of the YELLOW WATER SLIDE MARK, as well as WHAM-O's costs in this action pursuant to 15 U.S.C. § 1117(a).

37. Defendant's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as

alleged above. Therefore, WHAM-O is entitled to recover three times the amount of Defendant's profits plus WHAM-O's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) & (b).

## THIRD CLAIM FOR RELIEF

(Trademark Dilution in Violation of Section 43(C) of the Lanham Act, 15 U.S.C. § 1125(C))

38. Paragraphs 1 through 37 are hereby incorporated by reference.

39. Given more than four decades of use and the enormous popularity of WHAM-O's water slide toys, the YELLOW WATER SLIDE MARK is famous among children and adults alike. The color serves no function in a water slide toy. Indeed, a federal court has already deemed the YELLOW WATER SLIDE MARK to be valid and good in law, and a jury held the mark to be famous by its willful dilution determination.

40. Defendant has made unauthorized use of the YELLOW WATER SLIDE MARK in its products, and continues to do so despite demands to cease.

41. Such unauthorized use of the mark has and will actually dilute the distinctiveness of the YELLOW WATER SLIDE MARK.

42. By reason of these acts, WHAM-O has suffered and is suffering actual, permanent and irreparable injury, the extent of which is presently not known, and WHAM-O will suffer continuing damage and irreparable injury unless Defendant is preliminarily and permanently enjoined from the use of the marks.

43. WHAM-O is entitled to recover all profits heretofore realized by Defendant during its dilution of the YELLOW WATER SLIDE MARK, as well as WHAM-O's costs in this action pursuant to 15 U.S.C. § 1117(a).

44. Defendant's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, WHAM-O is entitled to recover three times the amount of Defendant's profits plus WHAM-O's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) & 1117(b).

## FOURTH CLAIM FOR RELIEF

(False Advertising in Violation of section 43(a)(1)(b) of the Lanham Act)

45. Paragraphs 1 through 44 are hereby incorporated by reference.

46. Defendant's use of misleading packaging in connection with the sale, or offering for sale, of its water slide toys constitutes false advertising in violation of section 43(a)(1)(B) of the Lanham Act. Defendant altered the horizontal sliding surface of its water slide toys from yellow to orange, but the packaging continues to depict a yellow horizontal sliding surface. Defendant's false representation in connection with the sale, or offering for sale, of its water slide toys has caused, or is likely to cause, confusion with the YELLOW WATER SLIDE MARK and cause injury to Wham-O.

47. Defendant is presently engaged in the misleading marketing, advertising, and promotion of its water slide toys, and unless immediately restrained and enjoined, will continue to do so. WHAM-O's remedy at law is not adequate to compensate it for the harm inflicted and threatened by Defendant's false representations in connection with the sale, or offering for sale, of its goods and services.

48. WHAM-O has been damaged by Defendant's false advertising in an amount to be proved at trial. WHAM-O is entitled to recover lost profits due to diverted sales because of the false advertising, loss of good will, the cost of corrective advertising, and all profits heretofore realized by Defendant during its false advertising.

49. Defendant's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, WHAM-O is entitled to recover three times the amount of Defendant's profits plus WHAM-O's reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF

(Unfair Competition in Violation of California Common Law)

50. Paragraphs 1 through 49 are hereby incorporated by reference.

51. Defendant's conduct, as alleged above, constitutes unfair competition under California State common law. Defendant's acts have resulted in the "passing off" of

Defendant's products as those of WHAM-O, or as somehow related or associated with, or sponsored or endorsed by, WHAM-O.

52. By reason of these acts, WHAM-O has suffered and is suffering actual, permanent and irreparable injury, the extent of which is presently not known, and WHAM-O will suffer continuing damage and irreparable injury unless Defendant is preliminarily and permanently enjoined from the use of the marks.

53. Defendant's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, WHAM-O is entitled to recover punitive damages under California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, WHAM-O prays for entry of judgment in its favor and against Defendant as follows:

1. For a judgment that Defendant has infringed United States Trademark Registration Nos. 1,432,069 and 2,924,744, in violation of 15 U.S.C. § 1114;

2. For a judgment that Defendant has falsely designated the origin of its goods in violation of 15 U.S.C. § 1125(a);

3. For a judgment that Defendant has diluted United States Trademark Registration Nos. 1,432,069 and 2,924,744, in violation of 15 U.S.C. § 1125(C);

4. For a judgment that Defendant engaged in unfair competition in violation of California state common law;

5. For judgment that Defendant willfully and deliberately advertised, distributed and sold goods infringing the registered YELLOW WATER SLIDE MARK, in violation of federal law;

6. For an entry of preliminary and permanent injunctive relief restraining and enjoining Defendant, and all of its agents, successors, and assigns, and all persons in active concert or participation with any of them, from using the color yellow in connection with the distribution, sale or offering for sale of water slide toys, or

any other mark, alone or in combination with other words or symbols, that is confusingly similar to WHAM-O's YELLOW WATER SLIDE, or which is likely to cause confusion or mistake or to deceive, including any use on Defendant's website and on the Internet;

7. For an order requiring Defendant to deliver to WHAM-O all articles that infringe or dilute the YELLOW WATER SLIDE MARK, pursuant to 15 U.S.C. § 1118;

8. For an order requiring Defendant to advise WHAM-O of the identity of all customers, suppliers, distributors and manufacturers of Defendant's water slides using the color yellow;

9. For an order requiring Defendant to advise all customers, suppliers, distributors and manufacturers that: (a) its water slides using the color yellow were not manufactured, licensed, distributed or authorized by WHAM-O; (b) any sales of such waterslides infringes the YELLOW WATER SLIDE MARK; and (c) any such infringing water slides sold or distributed by Defendant may be returned to Defendant in any condition for a full refund, and Defendant shall make such refund and maintain all records relating to such recall notices and refunds;

10. For an award to WHAM-O of all profits received by Defendant of any kind made as a result of Defendant's infringement, and all damages sustained by WHAM-O by reason of Defendant's acts of infringement, pursuant to 15 U.S.C. § 1117;

11. For an award of three times the amount of Defendant's profits and WHAM-O's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b);

12. For a declaration that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 15. U.S.C. § 1117(a).

13. For an award of compensatory damages;

14. For an award of punitive damages;

15. For an award of the costs of this action; and

16. For an award of such other and further relief as the Court shall deem just and proper.

DATED: February 6, 2008

Respectfully submitted,

HELLER EHRMAN LLP

By *(signed)* Annette L. Hurst
ANNETTE L. HURST

Attorneys for Plaintiff
WHAM-O, INC.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, WHAM-O demands trial by jury of all issues properly triable of right by a jury.

DATED: February 6, 2008

Respectfully submitted,

HELLER EHRMAN LLP

By _/s/ Annette L. Hurst_
ANNETTE L. HURST

Attorneys for Plaintiff
WHAM-O, INC.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

In accordance with Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Big Time Toys LLC
- Wham-O, Inc.
- Cornerstone Overseas Investments, Ltd.

DATED: February 6, 2008

Respectfully submitted,

HELLER EHRMAN LLP

By _/s/ Annette L. Hurst_
ANNETTE L. HURST

Attorneys for Plaintiff
WHAM-O, INC.