DAVID H. BATE (CAL. SB# 133123)
dbate@bpdzylaw.com
BATE, PETERSON, DEACON, ZINN & YOUNG LLP
888 South Figueroa Street
15th Floor
Los Angeles, CA 90017
Telephone: (213) 362-1860
Facsimile: (213) 362-1861

JOHN W. PETERSON (CAL. SB# 179343)
jpeterson@rwjplc.com
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
Facsimile: (615) 320-3737

Attorneys for Defendant
BIG TIME TOYS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHAM-O, a Delaware corporation, | Case No. CV 08 0841 PVT |
| Plaintiff | Case assigned for all purposes to Hon. Patricia V. Trumbull |
| vs. | **DEFENDANT BIG TIME TOYS, LLC'S ANSWER TO COMPLAINT** |
| BIG TIME TOYS, LLC, a Tennessee limited liability company, | |
| Defendant. | Action Filed: February 6, 2008<br>Trial Date: None set. |

Defendant, Big Time Toys, LLC ("Big Time"), for itself and no other party, answers the unverified Complaint of Plaintiff, Wham-O, Inc. ("Plaintiff"), on file herein and admits, denies or alleges as follows:

## ANSWER TO SPECIFIC ALLEGATIONS

1. Big Time denies the allegations in sentences 1, 2, 5, 6 and 7 of paragraph 1. Big Time does not have sufficient knowledge or information to either admit or deny the allegations in sentences 3 and 4 and, on that basis, denies the same.

2. Big Time lacks sufficient knowledge or information to either admit or deny the allegation in paragraph 2 and, on that basis, denies the same.

3. Big Time admits the allegations in paragraph 3.

4. To the extent Paragraph 4 consists of statements by Plaintiff about its intentions in filing suit, the relief it seeks, or its legal conclusions, Big Time lacks knowledge and information sufficient to form a belief about the truth thereof, and on that basis denies the same. Except as expressly admitted, denied or averred herein, Big Time denies each and every allegation.

5. Big Time admits the allegations in paragraph 5.

6. Big Time denies the allegations in paragraph 6.

7. Big Time admits the allegations in paragraph 7.

8. Big Time lacks sufficient knowledge or information to either admit or deny the allegation in paragraph 8 and, on that basis, denies the same.

9. Big Time denies the allegations in paragraph 9.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

10. Big Time lacks sufficient knowledge or information to either admit or deny the allegation in paragraph 10 and, on that basis, denies the same.

11. Big Time lacks sufficient knowledge or information to either admit or deny the allegation in paragraph 11 and, on that basis, denies the same.

12. Exhibit 3 referenced in paragraph 12 speaks for itself. To the extent Plaintiff makes allegations inconsistent with Exhibit 3, Big Time denies the allegations.

13. Big Time denies the allegations in paragraph 13.

14. Big Time lacks sufficient knowledge or information to either admit or deny the allegation in paragraph 14 concerning when Plaintiff learned that Big Time manufactured and sold the "Finding Nemo – Wacky Wild Waterslide" (the "Product") and, on that basis, denies the same. Big Time denies that the Product contained a yellow sliding surface, but admits that some of the packaging used with the Product depicted a yellow sliding surface. Big Time denies the remaining allegations in paragraph 14. Exhibit 4 referenced in paragraph 14 speaks for itself. To the extent Plaintiff makes allegations inconsistent with Exhibit 4, Big Time denies the allegations. Except as expressly admitted, denied or averred herein, Big Time denies each and every allegation.

15. Exhibit 5 referenced in paragraph 15 speaks for itself. To the extent Plaintiff makes allegations inconsistent with Exhibit 5, Big Time denies the allegations.

16. Exhibit 6 referenced in paragraph 16 speaks for itself. To the extent Plaintiff makes allegations inconsistent with Exhibit 6, Big Time denies the allegations.

17. Exhibit 7 referenced in paragraph 17 speaks for itself. To the extent Plaintiff makes allegations inconsistent with Exhibit 7, Big Time denies the allegations.

18. Big Time admits the allegations of paragraph 18.

19. Answering paragraph 19 of the Complaint, Big Time admits that on or about August 8, 2007, Big Time communicated to Plaintiff its intention to change the color of the slide depicted in the packaging for the Product. Big Time did subsequently change the color of the slide on the packaging from yellow to orange. The Product itself always has had an orange-colored waterslide. The Product was part of an assortment of Disney-licensed waterslides that Big Time sold. Exhibit 8 in paragraph 19 speaks for itself. To the extent Plaintiff makes allegations inconsistent with Exhibit 8, Big Time denies the allegations. Big Time lacks information or knowledge sufficient to either admit or deny Plaintiff's allegations concerning its understanding of Exhibit 8 and, on that basis, denies the same. Except as expressly admitted, denied or averred herein, Big Time denies each and every allegation.

20. Exhibit 9 referenced in paragraph 20 speaks for itself. To the extent Plaintiff makes allegations inconsistent with Exhibit 9, Big Time denies the allegations. Big Time lacks information or knowledge sufficient to either admit or deny that the verdict and press release generated a great deal of discussion in the toy industry or that Plaintiff received a number of comments and, on that basis, denies the same. Big Time admits that it contacted Plaintiff offering its congratulations. Big Time denies the remaining allegations in paragraph 20. Except as expressly admitted, denied or averred herein, Big Time denies each and every allegation.

21. Big Time denies the allegations in paragraph 21. Contrary to Plaintiff's Complaint, Big Time did change its packaging for the Product so that it would no longer depict a yellow waterslide, as it said it would consider doing for its next production run. See Compl. Ex. 8 - Big Time's August 9, 2007 letter to Beth Goldman of the Heller Erhman firm, counsel for

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Plaintiff, in August 2007. Target, the only retailer of which Big Time is aware that is selling the Product, received inventory from a production run completed prior to Big Time's letter to Plaintiff's counsel. As stated by Big Time in its August 2007 letter, the color yellow is not important to the success of Big Time's waterslide products. Except as expressly admitted, denied or averred herein, Big Time denies each and every allegation.

22. Big Time denies the allegations in paragraph 22.

23. Big Time denies the allegations in paragraph 23.

24. Big Time denies the allegations in paragraph 24.

25. Answering paragraph 25 of the Complaint, Big Time re-alleges and incorporates by reference its responses to paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Big Time denies the allegations in paragraph 26.

27. Big Time denies the allegations in paragraph 27.

28. Big Time denies the allegations in paragraph 28.

29. Big Time denies the allegations in paragraph 29.

30. Big Time denies the allegations in paragraph 30.

31. Big Time denies the allegations in paragraph 31.

32. Big Time denies the allegations in paragraph 32.

33. Answering paragraph 33 of the Complaint, Big Time re-alleges and incorporates by reference its responses to paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34. Big Time denies the allegations in paragraph 34.

35. Big Time denies the allegations in paragraph 35.

36. Big Time denies the allegations in paragraph 36.

37. Big Time denies the allegations in paragraph 37.

38. Answering paragraph 38 of the Complaint, Big Time re-alleges and incorporates by reference its responses to paragraphs 1 through 37 of the Complaint, as if fully set forth herein.

39. Big Time denies the allegations in paragraph 39.

40. Big Time denies the allegations in paragraph 40.

41. Big Time denies the allegations in paragraph 41.

42. Big Time denies the allegations in paragraph 42.

43. Big Time denies the allegations in paragraph 43.

44. Big Time denies the allegations in paragraph 44.

45. Answering paragraph 45 of the Complaint, Big Time re-alleges and incorporates by reference its responses to paragraphs 1 through 44 of the Complaint, as if fully set forth herein.

46. Big Time denies the allegations in paragraph 46.

47. Big Time denies the allegations in paragraph 47.

48. Big Time denies the allegations in paragraph 48.

49. Big Time denies the allegations in paragraph 49.

50. Answering paragraph 50 of the Complaint, Big Time re-alleges and incorporates by reference its responses to paragraphs 1 through 49 of the Complaint, as if fully set forth herein.

51. Big Time denies the allegations in paragraph 51.

52. Big Time denies the allegations in paragraph 52.

53. Big Time denies the allegations in paragraph 53.

54. Big Time denies all other allegations not specifically addressed.

Without waiving its denial of the material allegations of the Complaint, Big Time additionally alleges the following separate and distinct affirmative defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

1. Neither the Complaint, nor any cause of action purportedly set forth therein, states facts sufficient to constitute a cause of action against Big Time.

### SECOND DEFENSE
### (Estoppel and/or Waiver)

2. Big Time is informed and believes, and thereupon alleges, that each of the purported causes of action contained in the Complaint is barred pursuant to the doctrines of estoppel, estoppel by acquiescence and/or waiver.

### THIRD DEFENSE
### (Accord & Satisfaction)

3. Plaintiff is barred from pursuing its claims on the basis of accord and satisfaction. Plaintiff and Big Time presumably reached a resolution of this dispute last year when Plaintiff admitted that the parties had resolved the dispute when they received Big Time's letter of August 9, 2008, stating that Big Time would consider running different colors for the next production run of packages. Big Time did in fact change the color of the waterslide on its packaging for the Product. Target, the retailer that has the Product in packaging depicting a yellow waterslide, received remnant inventory from the production run completed prior to the August 9 letter. The remaining Product that has been shipped since has been packaged in packaging depicting an orange waterslide.

## FOURTH DEFENSE

### (Practice not Unfair)

4. Plaintiff is entitled to no relief because benefits of the practices complained of outweigh any alleged harm or impact suffered by Plaintiff, and, therefore, those practices are not unfair.

## FIFTH DEFENSE

### (Compliance with Applicable Law)

5. Plaintiff is entitled to no relief because Big Time has complied with all applicable laws. Big Time's actions have not caused a likelihood of confusion and have not diluted any trademark. Further, Big Time has not intentionally violated laws or infringed upon any trademark.

## SIXTH DEFENSE

### (Laches)

6. Plaintiff is barred from pursuing its claims due to its laches.

## SEVENTH DEFENSE

### (Unclean Hands)

7. Plaintiff is barred from pursuing its claims due to its unclean hands.

## EIGHTH DEFENSE

### (Mark is Generic)

8. Plaintiff is entitled to no relief because the mark sued upon is generic.

## NINTH DEFENSE

### (Mark is Functional)

9. Plaintiff is entitled to no relief because the mark sued upon is functional.

## TENTH DEFENSE

### (No Likelihood of Confusion)

10. Plaintiff is entitled to no relief because Big Time's mark and Plaintiff's marks are not confusingly similar.

## ELEVENTH DEFENSE

### (Lack of Secondary Meaning)

11. Plaintiff is entitled to no relief because its mark has not become distinctive in the mind of the purchasing public.

## TWELFTH DEFENSE

### (Fair Use)

12. Plaintiff is entitled to no relief because Big Time's use is a fair use.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Business and Professions Code § 17208.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Vagueness)

14. Plaintiff's application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

## FIFTHEENTH AFFIRMATIVE DEFENSE

### (Separation of Powers)

15. The California Unfair Competition Law violates the constitutional Separation of Powers clause because it purports, by statute, to improperly cede to private parties the powers of the executive branch of the Government, and to improperly delegate to the judiciary the powers of the legislative branch of the Government.

## RESERVATION OF RIGHT TO AMEND ANSWER

Big Time hereby gives notice that it intends to rely on such other and further defenses as may be disclosed during discovery in this action, and therefore Big Time reserves the right to amend its Answer to assert any such defenses.

///
///
///
///
///
///
///
///
///

WHEREFORE, Big Time demands that judgment enter in its favor as follows:

1. That Plaintiff takes nothing by its Complaint;

2. For costs of suit, including reasonable attorneys fees; and

3. For such other and further relief as the court may deem just and proper.


Dated: March 17, 2008                    BATE, PETERSON, DEACON,
                                              ZINN & YOUNG LLP



                                         _____/S/_____
                                         David H. Bate
                                         Attorneys for Defendant,
                                         Big Time Toys, LLC

11

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT